UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARUT PANCHITKAEW,

                Plaintiff,

                -against-

NASSAU COUNTY POLICE DEPARTMENT,
THOMAS J. RYDER, Commissioner; DET. SGT.
DANIEL J. DANZI/Nassau PD Internal Affair;
JOHN DOES, 8th Precinct, Nassau County Police;

                Defendants.
------------------------------------------------------------------X

**ORDER**
18-CV-00956 (JMA)(SIL)

**AZRACK, United States District Judge:**

On November 21, 2017, *pro se* plaintiff Marut Panchitkaew ("plaintiff") filed an *in forma pauperis* complaint against the Nassau County Police Department ("the NCPD"), Thomas J. Ryder, Commissioner ("Ryder"), Det. Sgt. Daniel J. Danzi ("Danzi"), and "John Does" alleged to work at the Nassau County Police Department's 8th Precinct ("John Does" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") in the United States District Court for the Southern District of New York. By Transfer Order dated February 6, 2018, the complaint was transferred to this Court and, on February 14, 2018, it was assigned to the undersigned. For the reasons that follow, the Court grants plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint, in part, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii).

### I.     BACKGROUND[1]

Plaintiff's brief complaint is submitted on the Court's Section 1983 complaint form.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff alleges that, on January 18, 2016, he was visited at his home by Danzi and his unidentified partner and was threatened that if he did not stop complaining to the FBI, plaintiff would be incarcerated at the Nassau County Jail or in a psychiatric hospital. (Compl. ¶ III.) Plaintiff also alleges that, on February 16, 2016, unnamed police officers from the NCPD's 8th Precinct "broke into my house" without a warrant and "forcefully arrested me." (Id.) Plaintiff alleges that he was then taken to the Nassau University Medical Center ("NUMC") where he was held against his will for three days. (Id.) As a result, plaintiff claims to have suffered physical and emotional pain and suffering for which he seeks a monetary award in total sum of one million dollars ($1,000,000.00). (Id. ¶ IV.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed *in forma pauperis* is granted.

### B. Standard of Review

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In

addition, the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

**C.**     **Section 1983**

Section 1983 provides that:

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and

3

federal statutes that it describes."  Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).  In order to state a Section 1983 claim, a plaintiff must allege two essential elements.  First, the conduct challenged must have been "committed by a person acting under color of state law."  Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (internal quotation marks and citation omitted).  Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States."  Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Moreover, in an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of the defendant in the purported constitutional deprivation.  Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "Personal involvement" may be established by evidence of a supervisor's direct participation in the challenged conduct or "by evidence of an official's (1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates."  Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).  An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'"  Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)).  Where a Section 1983 claim fails to allege the personal involvement of the defendant, it fails as a matter

4

of law.  See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

### 1. Section 1983 Claims Against Ryder

As discussed above, a Section 1983 claim that does not allege the personal involvement of a defendant fails as a matter of law.  Johnson, 360 F. App'x at 201.  Although plaintiff names Ryder as a defendant, the complaint contains no allegations or references to him and, accordingly, plaintiff has not alleged a viable Section 1983 claim against this defendant.  Given the absence of any allegations of conduct or inaction attributable to Ryder, plaintiff's claims against him are implausible and are therefore dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Section 1983 Claims Against the NCPD

Plaintiff names the NCPD as a defendant.  However, the NCPD is a non-suable entity because it is merely an administrative arm of the municipality of Nassau County.  "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  See Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012) (citing Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against the local police department because, as an "administrative arm of a municipality [, it] do[es] not have legal identity separate and apart from the municipality, and therefore, cannot sue or be sued.").  Therefore, plaintiff's claims against the NCPD are implausible and are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  However, given plaintiff's *pro se* status, the Court considers next whether plaintiff has alleged a plausible Section 1983 claim when construed as against Nassau County.  For the reasons that follow, he has not.

5

### a. Section 1983 Claim as Construed Against Nassau County

It is well-established that a municipality, such as Nassau County, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a "deliberate indifference" to the rights of those who come in contact with the municipal employees. Davis, 224 F. Supp. 2d at 478; Moray v. City of Yonkers, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (citations omitted). "[A] single incident in a complaint, especially if it involved only actors below the policy making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted).

Here, as is readily apparent, even affording the *pro se* complaint a liberal construction, there are simply no factual allegations from which the Court may reasonably infer that the conduct or inaction of which plaintiff complains was caused by some policy or custom of Nassau County. Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege

6

facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."). Therefore, plaintiff has failed to allege a plausible Section 1983 claim even when construing the complaint as against Nassau County.

Accordingly, because plaintiff has not alleged a plausible Section 1983 claim against the NCPD, such claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Section 1983 Claims Against Danzi and the "John Doe" Officers

Although plaintiff's Section 1983 claims against Danzi and the John Doe officers are sparse, the Court declines to *sua sponte* dismiss them at this early stage in the proceedings. Accordingly, the Court orders service of the summonses and complaint upon these defendants by the United States Marshal Service ("USMS"). The Clerk of the Court is requested to issue a summons for Danzi and to forward the summons together with a copy of the complaint to the USMS for service upon this defendant forthwith. However, the USMS will not be able to serve the John Doe officers without more information. Pursuant to Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (*per curiam*), the Court requests that the Nassau County Attorney ascertain the full names and service addresses of the unnamed officers who are alleged to have interacted with plaintiff on February 16, 2016. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Nassau County Attorney and the Nassau County Attorney's Office is requested to attempt to ascertain the full names of the unidentified individuals described in the complaint and to provide their names and address(es) where each such defendant can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it.

The Nassau County Attorney need not undertake to defend or indemnify these individuals at this juncture. This Order merely provides a means by which the plaintiff may name and

7

properly serve the defendants as instructed by the Second Circuit in *Valentin*. Once the information is provided to the Court by the Nassau County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, summonses shall be issued as to those defendants, and the USMS shall serve those defendants.

### III. CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed *in forma pauperis* is granted, but the complaint is *sua sponte* dismissed as against Ryder and the NCPD for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff's claims against Danzi and the "John Doe" officers shall proceed and the Court orders service of the summonses and complaint upon these defendants by the USMS. The Clerk of the Court is requested to issue a summons for Danzi and to forward the summons together with a copy of the complaint to the USMS for service upon this defendant forthwith. Because the USMS will not be able to serve the John Doe officers without more information, the Court requests that the Nassau County Attorney ascertain the full names and service addresses of the unnamed officers who are alleged to have interacted with plaintiff on February 16, 2016. Accordingly, the Clerk of the Court shall serve a copy of the complaint together with this order on the Nassau County Attorney and the Nassau County Attorney's Office is requested to attempt to ascertain the full names of the unidentified individuals described in the complaint and to provide their names and address(es) where each such defendant can be served to the Court and to plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Nassau County Attorney's Office, plaintiff's complaint shall be deemed amended to reflect the full names of the unnamed defendants, summonses shall be issued as to those defendants, and the USMS shall serve those defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: June 27, 2018
 Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE