```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARUT PANCHITKAEW,

                    Plaintiff,
                                                            ORDER
      -against-                                             18-CV-00956(JMA)(SIL)

DET. SGT. DANIEL J. DANZI, et al.,

                    Defendants.
------------------------------------------------------------------X
MARUT PANCHITKAEW,

                    Plaintiff,                             18-CV-4698(JMA)(SIL)

      -against-

NASSAU UNIVERSITY MEDICAL CENTER, et al.,

                    Defendants.
------------------------------------------------------------------X
MARUT PANCHITKAEW,

                    Plaintiff,                             18-CV-4699(JMA)(SIL)

      -against-

NASSAU COUNTY, et al.,

                    Defendants.
------------------------------------------------------------------X
```

FILED
CLERK
2/12/2019 1:04 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Since November 21, 2018, pro se plaintiff Marut Panchitkaew ("Plaintiff") has filed three (3) in forma pauperis complaints relating to the same events and/or against the same defendants.[1] By Order dated June 27, 2018 in Panchitkaew I, the Court granted Plaintiff's application to proceed in forma pauperis, dismissed some of Plaintiff's claims and defendants, and ordered service of the summonses and complaint upon the remaining individual defendants.

---

[1] See Panchitkaew v. Det. Sgt. Danzi, et al., 18-CV-00956(JMA)(SIL) ("Panchitkaew I"); Panchitkaew v. Nassau Univ.. Med. Ctr., 18-CV-4698(JMA)(SIL) ("Panchitkaew II"); and Panchitkaew v. Nassau Cnty., 18-CV-4699(JMA)(SIL) ("Panchitkaew III").

Upon review of the complaints and amended complaints filed in Panchitkaew II and Panchitkaew III, together with the applications to proceed in forma pauperis filed in those actions, the Court now grants Plaintiff's applications to proceed in forma pauperis in Panchitkaew II and Panchitkaew III and orders consolidation of all of these pleadings into Plaintiff's first-filed complaint, Panchitkaew I, for the reasons that follow. All future filings shall be made only under docket number 18-00956 and the cases assigned docket numbers 18-CV-4698 and 18-CV-4699 shall be closed.

## I. BACKGROUND

**A. The Complaints**

### 1. Panchitkaew I

Plaintiff alleges that on January 18, 2016, he was visited at his home by Det. Sgt. Daniel J. Danzi ("Danzi") and his unidentified partner and was threatened that if he did not stop complaining to the FBI, Plaintiff would be incarcerated at the Nassau County Jail or in a psychiatric hospital. (Panchitkaew I Compl. ¶ III.) Plaintiff also alleges that, on February 16, 2016, unnamed police officers from the NCPD's 8th Precinct "broke into my house" without a warrant and "forcefully arrested me." (Id.) Plaintiff alleges that he was then taken to the Nassau University Medical Center ("NUMC") where he was held against his will for three days. (Id.) As a result, Plaintiff claims to have suffered physical and emotional pain and suffering for which he seeks a monetary award of $1 million dollars. (Id. ¶ IV.) By letter dated July 27, 2018, the Nassau County Attorney provided the identities of the four (4) unnamed individuals alleged to have interacted with Plaintiff as was alleged in the complaint and, on August 9, 2018, filed an answer on behalf of all of the defendants. On October 29, 2018, Magistrate Judge Locke held an initial discovery conference and set a schedule for the completion of the exchange of first interrogatories and

document demands.

   **2. Panchitkaew II**

Panchitkaew II was filed on August 20, 2018 and, on September 26, 2018, Plaintiff filed an amended complaint together with an amended application to proceed in forma pauperis. Panchitkaew II is brought pursuant to § 1983 against the Nassau University Medical Center ("the Hospital"), nurse practitioner Maureen Moynihan ("Moynihan"), Eugene Yap, RN ("Yap") and an unnamed "Medical Evaluator-Initial" at the Hospital identified as "John Doe." Like Panchitkaew I, Plaintiff alleges that, on February 16, 2016, Nassau County police officers "broke into plaintiff's house" and took him by ambulance to the hospital. (See Panchitkaew II Am. Compl. ¶¶ 13–17.) Plaintiff alleges that the police officers advised the medical staff at the hospital "that plaintiff should be designated an 'emotionally disturbed person.'" (Id. ¶ 18.) Plaintiff claims that although he was not in need of medical care and was not a danger to himself or others, he was admitted to the hospital against his will and was medicated without consent. (Id. ¶¶ 21–25.) According to the amended complaint, Plaintiff was released from the Hospital on February 19, 2016. (Id. ¶ 29.) As a result of the foregoing, Plaintiff claims that he was deprived of his Fourth and Fourteenth Amendment rights and seeks to recover a compensatory damages award in the sum of $30 million dollars in addition to a punitive damages award. (Id. at 12.)

   **3. Panchitkaew III**

Panchitkaew III was also filed on August 20, 2018 and, on September 19, 2018, Plaintiff filed an amended complaint. On September 26, 2018, Plaintiff also filed an amended application to proceed in forma pauperis. Panchitkaew III is also brought pursuant to § 1983 and is against Nassau County, the Nassau County Police Department, Nassau County Police Officer George W. Holm ("Holm") and five unnamed police officers identified as "John Does 1-5." Plaintiff also includes as defendants "John/Jane Does" who are alleged to be his neighbors living near 450

3

Gardiners Avenue, Levittown, NY.

Plaintiff alleges that, in 2014, the "FBI invited [me] to give statement against one of the Nassau County Police Department (NCPD)" because he had allegedly witnessed a "false arrest" by the Nassau County police. (Am. Compl. ¶¶ 27–28.) According to Plaintiff, "[a]s a result, NCPD initiated retaliation against plaintiff." (Id. ¶ 29.) More specifically, Plaintiff claims that, since 2014, he has:

> Experienced life-threatening harassment by NCPD on many occasions, including but not limited to:
> 1. Stalking Plaintiff
> 2. Vandalize Plaintiff and his family's vehicles
> 3. Break-in Plaintiff's premise on various occasions
> 4. Robbery & Car-theft Plaintiff's father's vehicle
> 5. Other murder conspiracy by foregoing defendants' mischiefs
> 6. Force Plaintiff and his ex-wife to stage illegal activities and video-tape for blackmailing
> 7. Force Plaintiff's ex-wife to file frivolous charges against plaintiff
> 8. Intervention plaintiff's mother, forcing her surgeons to cause complication in her surgery/malpractice resulting in her permanent physical/mental damage. . . .
> 9. Defendants ##3-5 violate Plaintiff's Rights as shown in the following:
> 10. Place surveillance devices around plaintiff's premise with the intent to harm plaintiff and his family's physical health
> 11. Control & maneuver radiation related devices which result in death of two elderlies living nearby and plaintiff's mother to suffer a cancer
> 12. Wiretap/phone tap/electronic mail tamper against plaintiff in order to prevent plaintiff from getting a job, from going to his graduate school, and to prosper his future in any other approach.
> 13. Constantly utilize radio-active device to harass plaintiff and his cancer mother.

(Am. Compl. ¶ 30.) Plaintiff also alleges that he has been involved in "fatal accidents" and Plaintiff "assumed that these drivers were forced by SSA Fraud Investigator/NCPD to crash their cars into plaintiff on behalf of NCPD." (Id. ¶ 31.) Plaintiff then describes the event that allegedly occurred on January 18, 2016 involving Danzi as was alleged in Panchitkaew I and the event that allegedly occurred on February 16, 2016 concerning his detention at the Hospital as was

alleged in Panchitkaew II. (Id. ¶¶ 35–36.) Finally, Plaintiff claims that the Nassau County police have placed "surveillance devices" around Plaintiff's neighbors' homes "with an intention to cause plaintiff to suffer from Electro-magnetic field radiations and other life-threatening output from these fatal devices." (Id. ¶ 41.)

As a result of the foregoing, Plaintiff claims that the defendants have deprived him of his rights under the First, Fourth, Fifth, and Fourteenth amendments as well as under various federal and state laws. For relief, Plaintiff seeks an unspecified sum of compensatory and punitive damages as well as injunctive relief. (Id. at 23–24.)

## II. DISCUSSION

### A. Consolidation of Plaintiff's Complaints and Amended Complaints

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284–85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. See, e.g., Jacobs v. Castillo, 09-CV-953, 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to

5

dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; Simmons, 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the complaints and amended complaints filed by Plaintiff appear to allege deprivations of his constitutional rights by some of the same defendants and the facts involved in each pleading overlap. Accordingly, in the interest of judicial economy, the Court orders that Plaintiff's complaints and amended complaints be consolidated pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 18-CV-00956. The Clerk of Court is directed to: (1) consolidate these actions; and (2) mark Panchitkaew II (18-CV-4698) and Panchitkaew III (18-CV-4699) as closed. All future filings are to be docketed in only 18-CV-00956.

**B.  In Forma Pauperis Applications**

Upon review of Plaintiff's declarations in support of the applications to proceed in forma pauperis filed in Panchitkaew II and III, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's applications to proceed in forma pauperis are granted.

**1. Standard of Review**

Pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.

§ 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). The Court is also required to read the Plaintiff's pro se complaint and amended complaints liberally and interpret them as raising the strongest arguments suggested. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss a case sua sponte if it determines that the action is frivolous. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). An action is "frivolous" when "the factual contentions are clearly baseless,

such as when allegations are the product of delusion or fantasy." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact—i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'") (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)), abrogated on other grounds, Twombly, 550 U.S. at 544); Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting Denton, 504 U.S. at 32–33)).

**C.     Application**

**1. Panchitkaew I**

The Court has already reviewed the allegations set forth in Panchitkaew I and, as was set forth in the Court's June 27, 2018 order, Plaintiff's claims therein against the individual defendants are proceeding.

**2. Panchitkaew II**

Though thin, Plaintiff's claims alleged in Panchitkaew II shall proceed and the Clerk of the Court shall issue summonses to the Hospital, Moynihan, and Yap and shall forward the summonses together with copies of the amended complaint in Panchitkaew II to the United States Marshals Service ("USMS") for service forthwith. However, without more information, the USMS will not be able to serve the unidentified individual who is described by Plaintiff as the "Medical

8

Evaluator-Initial" and who is alleged to have interacted with Plaintiff on February 16, 2016 at the Hospital. Pursuant to Valentin v. Dinkins, the Court requests that the Nassau County Attorney ascertain the full name and service address of this unnamed individual who is alleged to have interacted with Plaintiff on February 16, 2016. 121 F.3d 72, 75–76 (2d Cir. 1997) (per curiam). Accordingly, the Clerk of the Court shall serve a copy of the amended complaint together with this order on the Nassau County Attorney, and the Nassau County Attorney's Office is requested to attempt to ascertain the full name of this unidentified individual described in the amended complaint and to provide his or her name and address where such defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendant, a summons shall be issued to that defendant, and the USMS shall serve that defendant.

### 3. Panchitkaew III

Upon careful review of Plaintiff's allegations set forth in the amended complaint in Panchitkaew III, the Court finds that, insofar as Plaintiff alleges the same facts and claims concerning the events alleged to have occurred on January 18, 2016 and February 16, 2016, such claims are duplicative of those already set forth in his earlier pleadings. And, as is readily apparent from the substance of this amended complaint, Plaintiff's remaining federal claims "rise to the level of the irrational or the wholly incredible." Denton, 504 U.S. at 33. Construing Plaintiff's pleadings liberally and raising the strongest arguments suggested, Burgos v. Hopkins, 14 F.3d 787, 780 (2d Cir. 1994), the Court finds that Plaintiff's claims rise to the level of irrational and wholly incredible, and are thus sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Mecca v. U.S. Gov't, 232 F. App'x 66, 677 (2d Cir. 2007) (affirming district court

9

dismissal of complaint that was "replete with fantastic and delusional scenarios"); Gonzales v. Wright, 9:06-CV-1424, 2010 WL 681323, at *12 (N.D.N.Y. Feb. 23, 2010) (noting that courts in the Second Circuit have consistently recognized that "it is utterly unjust to haul people into federal court to defend against, and disprove, delusions") (collecting cases). The Court has considered affording Plaintiff an opportunity to amend the complaint, Foman v. Davis, 371 U.S. 178, 182 (1962), but declines to do so becuase the deficiencies therein are not such that could be cured by further amendment. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002).

### III. CONCLUSION

The Plaintiff's applications to proceed in forma pauperis in Panchitkaew II and Panchitkaew III are granted. The Court orders consolidation of all of the pleadings filed in these actions into Plaintiff's first-filed complaint, Panchitkaew I, and all future filings shall be made only under docket number 18-CV-00956. The Clerk of the Court is directed to close the cases assigned docket numbers 18-CV-4698 and 18-CV-4699. Plaintiff's claims alleged in Panchitkaew II shall proceed and the Clerk of the Court shall issue summonses to the Hospital, Maureen Moynihan, and Eugene Yap and shall forward the summonses together with copies of the amended complaint in Panchitkaew II to the USMS for service forthwith. The Clerk of the Court shall serve a copy of the amended complaint in Panchitkaew II together with this Order on the Nassau County Attorney, and the Nassau County Attorney's Office is requested to attempt to ascertain the full name of the unidentified individual described in the amended complaint as "Medical Evaluator-Initial" and to provide his or her name and address where such defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's complaint shall be deemed amended to reflect the full name of the unnamed defendant,

a summons shall be issued to that defendant, and the USMS shall serve him or her.

Insofar as Plaintiff alleges the same facts and claims concerning the events alleged to have occurred on January 18, 2016 and February 16, 2016 in Panchitkaew III, such claims are duplicative of those already set forth in his earlier pleadings. Plaintiff's remaining federal claims alleged in Panchitkaew III "rise to the level of the irrational or the wholly incredible" and are sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff.

**SO ORDERED.**

Dated: February 12, 2019  ____/s/ JMA_____
Central Islip, New York  Joan M. Azrack
United States District Judge