UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MARUT PANCHITKAEW,

                Plaintiff,

       -against-

NASSAU COUNTY, NASSAU COUNTY POLICE
DEPARTMENT, JOSEPH M. GAFFNEY, DANIEL J.
DANZI, DANIEL C. STELLER JOHN T. HOLMES,
STEVEN SCHWARTZ, JOSEPH SALVATORE, CRAIG
CLARK, CHRISTINA COSENTINO, NASSAU
UNIVERSITY MEDICAL CENTER, MAUREEN
MOYNEHAN, EUGENE YAP, MANSI SHAH,
MUKESH SHAROHA, AND MARIA VICTORIA
AGARIN,

                Defendants.
-----------------------------------------------------------------------X

**Case No.:**
**2018-CV-00956 (LDH)(LB)**

**VERIFIED AMENDED
ANSWER TO AMENDED
COMPLAINT DATED 10/7/19
o/b/o MAUREEN MOYNIHAN**

      Defendant, MAUREEN MOYNIHAN, by her attorneys, BARTLETT LLP, as and for her

Verified Amended Answer with Cross-Claims to plaintiff's Amended Complaint dated October

7, 2019, respectfully shows to this Court and alleges upon information and belief:

## **INTRODUCTION**

      FIRST:     Denies the allegations contained in paragraphs "1" and "2", and

respectfully refers all questions of law to this Honorable Court.

## **JURISDICTION**

      SECOND:   Denies the allegations contained in paragraphs "3" and "5", and

respectfully refers all questions of law to this Honorable Court.

      THIRD:    Neither admits nor denies the allegations contained in paragraph "4", and

respectfully refers all questions of law to this Honorable Court.

## VENUE

FOURTH:     Neither admits nor denies the allegations contained in paragraph "6", and respectfully refers all questions of law to this Honorable Court.

## JURY DEMAND

FIFTH:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7".

## NOTICE OF CLAIM

SIXTH:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "8", "9", and "10", and respectfully refers to the records as to the facts and circumstances attendant thereto.

## PARTIES

SEVENTH:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "11", "14", "15", "16", "17", "18" and "19".

EIGHTH:     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12", respectfully refers to the records as to the facts and circumstances attendant thereto, and respectfully refers all questions of law to this Honorable Court.

NINTH:     Denies the allegations contained in paragraph "13".

TENTH:     Denies the allegations contained in paragraphs "20", "24", "25", "26" and "27", and respectfully refers all questions of law to this Honorable Court.

ELEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "21" and "22", and respectfully refers all questions of law to this Honorable Court.

TWELFTH:   Denies the allegations contained in paragraph "23", except admits that MAUREEN MOYNIHAN provided certain services to patients at NASSAU UNIVERSITY MEDICAL CENTER.

**FACT**

THIRTEENTH:      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "28" and "37" and respectfully refers to the records as to the facts and circumstances attendant thereto.

FOURTEENTH:      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "29" and "30".

FIFTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "31" and respectfully refers all questions of law to this Honorable Court.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "32", "33", "34", and "35".

SEVENTEENTH:      Denies the allegations contained in paragraphs "36", "38", "39", "40", "41", "42" "43", "44", "45", "47", "48", "49", and "54", and respectfully refers to the records as to the facts and circumstances attendant thereto.

EIGHTEENTH:      Denies the allegations contained in paragraph "42", except admits that certain care was provided to the plaintiff, MAUREEN MOYNIHAN, and respectfully refers to the records as to the facts and circumstances attendant thereto.

NINETEENTH:      Denies the allegations contained in paragraphs "46", "50", and "53".

TWENTIETH: Denies the allegations contained in paragraphs "51", "52", "53", "55", "56", "57", "58", "59", "60" and "61"and respectfully refers all questions of law to this Honorable Court.

### ANSWERING THE CAUSE OF ACTION
### FIRST CLAIM FOR RELIEF
**42 U.S.C. 1983 and First and Fourteenth Amendments**
**By Plaintiff Against NCPD and NUMC Defendants**

TWENTY-FIRST: In response to paragraphs "62" and "63" repeats each admission or denial made herein as though fully set forth hereat.

TWENTY-SECOND: Denies the allegations contained in paragraphs "64", "65", "66", and "67", and respectfully refers all questions of law to this Honorable Court.

TWENTY-THIRD: Denies the allegations contained in paragraph "68", respectfully refers all questions of law to this Honorable Court and respectfully refers to the records as to the facts and circumstances attendant thereto.

### ANSWERING THE CAUSE OF ACTION
### SECOND CLAIM FOR RELIEF
**42 U.S.C. 1983 and Fifth and Fourteenth Amendments**
**By Plaintiff Against NCPD and NUMC Defendants**

TWENTY-FOURTH: In response to paragraph "69" repeats each admission or denial made herein as though fully set forth hereat.

TWENTY-FIFTH: Denies the allegations contained in paragraphs "70" and "71", and respectfully refers all questions of law to this Honorable Court.

TWENTY-SIXTH: Denies the allegations contained in paragraph "72", respectfully refers all questions of law to this Honorable Court and respectfully refers to the records as to the facts and circumstances attendant thereto.

## ANSWERING THE CAUSE OF ACTION
## THIRD CLAIM FOR RELIEF
### 42 U.S.C. 1983 and Fourth and Fourteenth Amendments
### By Plaintiff Against Gaffney, NCPD and NUMC Defendants

TWENTY-SEVENTH:　　In response to paragraph "73" repeats each admission or denial made herein as though fully set forth hereat.

TWENTY-EIGHTH:　Denies the allegations contained in paragraphs "74" and "75".

TWENTY-NINTH:　Denies the allegations contained in paragraphs "76" and "77", and respectfully refers all questions of law to this Honorable Court.

## ANSWERING THE CAUSE OF ACTION
## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. 1983 and Fourth and Fourteenth Amendments

THIRTIETH: In response to paragraph "78" repeats each admission or denial made herein as though fully set forth hereat.

THIRTY-FIRST:　　Denies the allegations contained in paragraphs "79" and "90", and respectfully refers all questions of law to this Honorable Court.

THIRTY-SECOND:　Denies the allegations contained in paragraph "80".

THIRTY-THIRD:　　Denies the allegations contained in paragraphs "81" and "82", and respectfully refers to the records as to the facts and circumstances attendant thereto.

THIRTY-FOURTH:　Denies the allegations contained in paragraphs "83", "84", "85", "86", "87", "88", and "89", respectfully refers all questions of law to this Honorable Court and respectfully refers to the records as to the facts and circumstances attendant thereto.

## ANSWERING THE CAUSE OF ACTION
## FIFTH CLAIM FOR RELIEF
### (*Monell* Claim)

THIRTY-FIFTH:　　In response to paragraph "91" repeats each admission or denial made herein as though fully set forth hereat.

THIRTY-SIXTH: Denies the allegations contained in paragraphs "92", "93", "94", "95", "96", "97", and "98", respectfully refers all questions of law to this Honorable Court and respectfully refers to the records as to the facts and circumstances attendant thereto.

## ANSWERING THE CAUSE OF ACTION
## SIXTH CLAIM FOR RELIEF
### Article I, Section 11 of New York State Constitutions

THIRTY-SEVENTH: In response to paragraph "99" repeats each admission or denial made herein as though fully set forth hereat.

THIRTY-EIGHTH: Denies the allegations contained in paragraph "100", respectfully refers all questions of law to this Honorable Court and respectfully refers to the records as to the facts and circumstances attendant thereto.

THIRTY-NINTH: Denies the allegations contained in paragraph "101", and respectfully refers all questions of law to this Honorable Court.

## ANSWERING THE CAUSE OF ACTION
## SEVENTH CLAIM FOR RELIEF
### State Common Law Malicious Prosecution

FORTIETH: In response to paragraph "102" repeats each admission or denial made herein as though fully set forth hereat.

FORTY-FIRST: Denies the allegations contained in paragraph "103", "105", "106", "107", and "108", and respectfully refers all questions of law to this Honorable Court.

FORTY-SECOND: Denies the allegations contained in paragraph "104", respectfully refers all questions of law to this Honorable Court and respectfully refers to the records as to the facts and circumstances attendant thereto.

**ANSWERING THE CAUSE OF ACTION**
**EIGHTH CLAIM FOR RELIEF**
**(Respondent Superior)**

FORTY-THIRD:     In response to paragraph "109" repeats each admission or denial made herein as though fully set forth hereat.

FORTY-FOURTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110", and respectfully refers all questions of law to this Honorable Court.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, DANIEL J. DANZI, DANIEL C. STELLER, JOHN T. HOLMESES, STEVEN SCHWARTZ, JOSEPH SALVATORE, CRAIG CLARK, and CHRISTINA COSENTINO**

FORTY-FIFTH:     That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract and/or strict tort liability other than of the plaintiff's, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or obligations, and/or Statute and/or warranty and/or contract in fact or implied in law, and/or failure to procure insurance coverage, on the part of the co-defendants of the pleading defendant(s), with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied by law, and without any breaches or any negligence of the pleading defendant(s) contributing thereto, and if the pleading defendant(s) is found negligent as to the plaintiff for injuries and damages as set forth in plaintiff's Complaint, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination, in view of the existing factual disparity, and the said co-defendant(s) herein will

be liable over jointly and severally to the pleading defendant(s) and bound to fully indemnify and hold the pleading defendant(s) harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the pleading defendant(s) in this action, including all costs of investigation, disbursements and attorney's fees incurred in the defense of this action and in the conduct of the cross complaint.

## FIRST AFFIRMATIVE DEFENSE

FORTY-SIXTH:     That the damages of the plaintiff were caused in whole or in part by the culpable conduct of the plaintiff, which either bars the claims completely or else diminishes the damages by the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the damages.

## SECOND AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  That if any liability is found as against this answering defendant, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendant to plaintiff for non-economic loss shall be limited, and shall not exceed this answering defendant's equitable share, as provided in Article 16 of the CPLR.

## THIRD AFFIRMATIVE DEFENSE

FORTY-EIGHTH:   In the event plaintiff recover a verdict or judgment against defendant, such verdict or judgment must be reduced pursuant to §4545 of the Civil Practice Laws and Rules by those amounts which have been, or will, with reasonable certainty replace or indemnify plaintiff in whole or in part, for any past or future claimed economic loss, from any collateral source.

## FOURTH AFFIRMATIVE DEFENSE

FORTY-NINTH:    If plaintiff is/are entitled to recover damages for loss of earnings or impairment of earning ability as against this answering defendant by reason of the matters alleged in the Complaint, liability for which is hereby denied, then pursuant to CPLR §4546 the amount of damages recoverable against said defendant, if any shall be reduced by the amount of federal, state, and local income taxes which the plaintiff would have been obligated by law to pay.

## FIFTH AFFIRMATIVE DEFENSE

FIFTIETH:    The answering defendant is/are entitled to a set-off to any recovery sought in this action, in the amount of the greater of the relative share of culpability or the amounts paid, if any, by any other tortfeasor, by operation of General Obligations Law §15-108 and Civil Practice Law & Rules §4533-b, and by operation of the doctrines of settlement, payment, release, accord, and satisfaction.

## SIXTH AFFIRMATIVE DEFENSE

FIFTY-FIRST:    That plaintiff's claim of lack of informed claim consent is barred by the applicable provisions of Public Health Law §2805(d).

## SEVENTH AFFIRMATIVE DEFENSE

FIFTY-SECOND:    That plaintiff's claims are barred by the applicable Statutes of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

FIFTY-THIRD:    This Honorable Court lacks subject matter jurisdiction over MAUREEN MOYNIHAN, as she was not a State Actor.

## NINTH AFFIRMATIVE DEFENSE

FIFTY-FOURTH:     Plaintiff has failed to state a cause of action upon which relief can be awarded to the plaintiff herein.

## TENTH AFFIRMATIVE DEFENSE

FIFTY-FIFTH:     That any claims for punitive damages contained in the Complaint fail to state a claim upon which relief may be granted, violate various provisions of the Constitution of the United States and the State of New York, and violate various statutory proscriptions thereof.

## ELEVENTH AFFIRMATIVE DEFENSE

FIFTY-SIXTH:     Answering defendant alleges that it committed no act of omission that was malicious, oppressive, willful, wanton, reckless, or grossly negligent, and, therefore, any award of punitive damages is barred.

## TWELFTH AFFIRMATIVE DEFENSE

FIFTY-SEVENTH: With respect to plaintiffs' demand for punitive damages, answering defendant specifically incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards, including but not limited to, those standards or limitation which arose in BMW of North America v. Gore, 116 U.S. 1589 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and State Farm Mutual Automobile In. Co. v. Campbell, 123 S.Ct. 1513 (2003).

## THIRTEENTH AFFIRMATIVE DEFENSE

FIFTY-EIGHTH:     To the extent that plaintiffs seek punitive or "exemplary" damages for the conduct which alleged caused plaintiffs' injuries as asserted in the complaint, such an award by this court would violate this answering defendant's federal and state constitutional

rights.

## FOURTEENTH AFFIRMATIVE DEFENSE

FIFTY-NINTH:     That the plaintiff's Complaint does not set forth a basis for punitive damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

SIXTIETH:    Plaintiff's claims against this answering defendant are barred, in whole or in part, by laches, waiver, and/or estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

SIXTY-FIRST:     The defendant asserts that the issues in this case were decided in whole or in part previously in another court case involving the same issues and/or parties, and that the plaintiff is unable to seek a different result in this case.

## SEVENTEENTH AFFIRMATIVE DEFENSE

SIXTY-SECOND:    The defendant asserts that the plaintiff has committed a wrongdoing, and this lawsuit is attempting to benefit from this wrongdoing.

## EIGHTEENTH AFFIRMATIVE DEFENSE

SIXTY-THIRD:     Plaintiff's Complaint fails to join indispensable parties necessary for the just adjudication of this matter.

## NINETEENTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH:    Plaintiff failed to mitigate their damages or otherwise act to reduce damages.

## TWENTIETH AFFIRMATIVE DEFENSE

SIXTY-FIFTH:     Should Plaintiff recover damages as a result of a finding of liability in whole or in part as against the Defendants, such recovery should be reduced and diminished in

proportion to the degree of comparative negligence or fault of the Plaintiff in contributing to such damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

SIXTY-SIXTH:     That if the Plaintiff sustained the damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the negligent, wrongful, reckless and/or unlawful conduct of the Plaintiff without any negligence, wrongdoing, recklessness and/or unlawful conduct on the part of the Defendants, their agents, servants or employees contributing thereto.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

SIXTY-SEVENTH:  The alleged acts or omissions of the Defendant were not the proximate cause of any injuries or damages allegedly incurred by Plaintiff.  Any injuries or damages allegedly incurred by the Plaintiff were the result of his own actions, the actions of others and/or the superseding intervention of causes outside the control of the Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

SIXTY-EIGHTH:    Plaintiff has failed to exhaust all administrative and/or state remedies and prerequisites.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

SIXTY-NINTH:     The Defendants have not violated plaintiff's constitutional or statutory rights.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

SEVENTIETH:      If this Honorable Court finds that the defendant was a State Actor, then at all applicable times herein the defendant enjoyed a full, partial or qualified immunity from civil suit.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

SEVENTY-FIRST:    Plaintiff's Complaint should be dismissed in that she has failed to comply with Rule 8 of the Federal Rules of Civil Procedure which requires that Plaintiff's Complaint contain a "short and plain statement of the claim."

**WHEREFORE,** defendant, MAUREEN MOYNIHAN, demands judgment dismissing plaintiff's amended complaint herein, and further demands judgment over and against co-defendants, Nassau County, Nassau County Police Department, Daniel J. Danzi, Daniel C. Steller, John T. Holmeses, Steven Schwartz, Joseph Salvatore, Craig Clark, Christina Cosentino, on the cross-claims made herein, for the amount of any judgment obtained against this answering defendant, or on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, together with the costs and disbursements of this action.

Dated: Central Islip, New York
　　　　April 30, 2020

Yours etc.,
BARTLETT LLP
By: _____
　　　JOSEPH M. O'CONNOR
　Attorneys for Defendant
MAUREEN MOYNIHAN
Office & P.O. Address
320 Carleton Avenue, Suite 7500
Central Islip, New York 11722
Tel.: (631) 277-0300
Fax: (631) 446-1671/(888) 405-2258
***Bartlett File No.: 425.001.0091***

TO:　MARUT PANCHITKAEW
　　　Attorneys for Pro Se
　　　450 Gardiners Avenue
　　　Levittown, NY 11759
　　　Tel.: (516) 996-9349

OFFICE OF THE NASSAU COUNTY ATTORNEY
Attorneys for Defendants
DANIEL J. DANZI, STEVEN SCHWARTZ, JOSEPH SALVATORE, CRAIG CLARK,
AND CHRISTINA COSENTINO
One West Street
Mineola, New York 11501
Tel.: (516) 571-3056

ABRAMS, FENSTERMAN, FENSTERMAN,
 EISMAN, FORMATO, FERRARA, WOLF & CARON
Attorneys for Defendants
NASSAU UNIVERSITY MEDICAL CENTER AND EUGUENE YAP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Tel.: (516) 328-2300

# ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                            ss.:
COUNTY OF SUFFOLK      )

JOSEPH M. O'CONNOR, ESQ., being duly sworn, deposes and says:

That he is a member in the firm of attorneys representing the defendant, MAUREEN MOYNIHAN.

That he has read the attached Verified Amended Answer with Cross-Claims to plaintiff's Amended Complaint and the same is true to his own belief, except as to matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That deponent's sources of information are a legal file containing correspondence, pleading and records, with which deponent is fully familiar.

That this verification is made by deponent because his client is not presently within the county where deponent maintains his office.

                                             _____
                                             JOSEPH M. O'CONNOR

Sworn to before me this
30th day of April, 2020
_____
NOTARY PUBLIC

GINA INTINI
Notary Public, State of New York
No. 01IN6118496
Qualified in Suffolk County
Commission Expires November 8, 2020

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                               ss.:
COUNTY OF SUFFOLK    )

        <u>GINA INTINI</u>, being duly sworn, deposes and says: that deponent is not a party to the action, is over 18 years of age and resides in Suffolk County, New York.

        That on the 30th day of April, 2020, deponent served the within **VERIFIED AMENDED ANSWER TO AMENDED COMPLAINT o/b/o MAUREEN MOYNIHAN WITH CROSS-CLAIMS** upon:

MARUT PANCHITKAEW
Attorneys for Pro Se
450 Gardiners Avenue
Levittown, NY 11759
Tel.: (516) 996-9349

OFFICE OF THE NASSAU COUNTY ATTORNEY
Attorneys for Defendants
DANIEL J. DANZI, STEVEN SCHWARTZ, JOSEPH SALVATORE, CRAIG CLARK, AND CHRISTINA COSENTINO
One West Street
Mineola, New York 11501
Tel.: (516) 571-3056

ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN, FORMATO, FERRARA, WOLF & CARON
Attorneys for Defendants
NASSAU UNIVERSITY MEDICAL CENTER AND EUGUENE YAP
3 Dakota Drive, Suite 300
Lake Success, New York 11042
Tel.: (516) 328-2300

*Via ECF.*

                                              _____
                                              GINA INTINI

Sworn to before me this
30th day of April, 2020

_____
NOTARY PUBLIC

DIANE A. TRAINA
Notary Public, State of New York
No. 01TR6287343
Qualified in Suffolk County
Commission Expires August 5, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK       Case No: 2018-CV-00956 (LDH) (LB)

MARUT PANCHITKAEW,

Plaintiff,

-against-

NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, DANIEL J. DANZI,
DANIEL C. STELLER, JOHN T. HOLMESES, STEVEN SCHWARTZ, JOSEPH
SALVATORE, CRAIG CLARK, CHRISTINA COSENTINO, NASSAU UNIVERSITY
MEDICAL CENTER, MAUREEN MOYNIHAN, EUGENE YAP, MANSI SHAH,
MUKESH SHAROHA, AND MARIA VICTORIA AGARIN,

Defendants.

## VERIFIED AMENDED ANSWER TO AMENDED COMPLAINT o/b/o MAUREEN MOYNIHAN WITH CROSS-CLAIMS

**BARTLETT** LLP

**Attorneys for Defendant**
**MAUREEN MOYNIHAN**
**Office & P.O. Address**
**320 Carleton Avenue, Suite 7500**
**Central Islip, New York 11722**
**Tel.: (631) 277-0300**
**Fax: (631) 446-1671/(888) 405-2258**
*Bartlett File No.: 425.001.0091*

To:    ALL PARTIES