**BRUCE A. BLAKEMAN**
County Executive



**THOMAS A. ADAMS**
Acting County Attorney

## COUNTY OF NASSAU
### OFFICE OF THE COUNTY ATTORNEY

January 6, 2022

<u>**Via ECF**</u>

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Panchitkaew v. Detective Sergeant Steller, et al.
       <u>CV-18-0956 (LDH) (LB)</u>

Dear Judge DeArcy Hall:

  The Office of the Nassau County Attorney represents Detective Sergeant Steller, Sergeant Gaffney and Police Officers Salvatore, Clark, and Schwartz, the remaining Nassau County Defendants in this action (hereinafter collectively referred to as the "Defendants"). This letter is sent in response and opposition to Plaintiff's Letter Request to Produce Audio Evidence dated December 28, 2021 and docketed as DE 195.

  The audio at issue is a recorded telephone conversation from February 17, 2016 between Plaintiff and Detective Sergeant Steller. Notwithstanding having received the subject audio recording during the discovery phase of this litigation – a fact which Plaintiff readily acknowledges – his most recent filing is a renewed demand in an unrelenting pursuit for the *full* recording <u>and</u> metadata because Plaintiff believes that the produced recording is incomplete.[1] For the reasons which follow, Defendants respectfully submit that Plaintiff's demand should be denied.

  This matter has already been addressed by the Court and Plaintiff's request was denied. More specifically, in September 2019 Plaintiff filed a Motion to Compel (DE 114) which included, among other things, a request to enforce a subpoena to access electronically stored information ("ESI") pertaining to the subject recording, and access Police Department phones and computers (see DE 114 at pages 4 and 38-40). At that time Plaintiff was already in possession of a CD containing the complete recording of his conversation and Plaintiff had taken the deposition of Detective Sergeant Steller, the individual who recorded their conversation. In response to Plaintiff's inquiry during his deposition, Steller described the process by which he created the recording and explained the reason that the recording commenced seconds into their call. In response to Plaintiff's Motion to Compel, Defendants

---

[1] Indeed his December 28, 2021 letter states that he has "never given up to get the said Audio CD." (sic) (DE 195)

pointed out that Plaintiff's perception that the audio was incomplete lacked any basis in fact or evidence. (See Defendants' Response, DE 118 at pages 3-4).

Following a Status Conference before Magistrate Judge Bloom on October 3, 2019 during which the Motion to Compel was argued, Judge Bloom issued an Order denying the motion to compel. (See DE 127). Plaintiff never moved for reconsideration.

Plaintiff's December 2021 filing (DE 195) does not point to any new facts or law which may entitle him to renew his request for metadata or ESI. Moreover, discovery in this case has been closed for almost two years, summary judgment motions have been decided, and a joint pre-trial order submitted.

As part of his opposition to Defendants' Motion for Summary Judgment, Plaintiff submitted a copy of the recording to the Court. In the Joint Pre-Trial Order Plaintiff listed the audio recording as "Exhibit 2" on his list of proposed exhibits. The Defendants referenced the same recording as "Exhibit G" on their list of trial exhibits and, notably, Plaintiff did not raise any objection. See Parties Joint Pre-Trial Order filed 8-4-21 as Docket Entry 194.

In summary, the Court is not here presented with a situation where the Plaintiff has been denied access to a piece of evidence. There is no dispute that he has the subject recording. What is at issue is Plaintiff's relentless efforts to access the Police Departments' telephone systems and computer devices without having any proof or rational basis to believe that the audio recording has been altered.

For the reasons set forth hereinabove, it is respectfully requested that Plaintiff's request (DE 195) be denied in its entirety.

Respectfully submitted,

*Liora M. Ben-Sorek*
Liora M. Ben-Sorek
Deputy County Attorney

cc:   Marut Panchitkaew (Via ECF and First-Class Mail)
      Plaintiff *Pro Se*